# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | | |
|---|---|---|
| SHANNON CAMMACK, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | 4:21-cv-19-HLM-WEJ |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SOUTHEASTERN MILLS, INC., | ) | |
| d/b/a SUMMIT HILL FOODS, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Shannon Cammack ("Plaintff"), by and through undersigned counsel, and files this her Complaint for Damages against Defendant Southeastern Mills, Inc., d/b/a Summit Hill Foods ("Defendant"), stating as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendant's unlawful race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("Sec. 1981").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3.

Defendant is subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.  In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, CT Corporation System, 289 S. Culver St., Lawrenceville, Georgia 30046.

## ADMINISTRATIVE PROCEDURES

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on December 16, 2020.

8.

Upon Plaintiff's request, the EEOC issued Plaintiff a Notice of Right to Sue with respect to Plaintiff's EEOC Charge on January 8, 2021, entitling an action to be commenced within ninety (90) days of receipt of that notice.

9.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

10.

Plaintiff, an African American female, began working for Defendant as a

Mixer Operator on or around June 30, 2018.

11.

In early-September 2020, a white temporary employee and an African American temporary employee got into a verbal altercation. Only the African American temporary employee was fired.

12.

That same day, Plaintiff called Jennie Cook in HR to share her concerns regarding racist employment practices directed at African American temporary employees. Plaintiff specifically described the incident where only the African American temporary employee was fired, despite the white temporary employee's involvement in the verbal altercation.

13.

Plaintiff also provided Ms. Cook with the phone number of another temporary employee who witnessed the verbal altercation and asked her to investigate the matter.

14.

Ms. Cook never called the other temporary employee or investigated the matter.

15.

In mid-September 2020, Plaintiff spoke with her team lead, Dwayne Romine, about her concerns regarding racist employment practices directed at African American temporary employees. Again, she described the incident where only an African American temporary employee was fired, and she also noted that at least four or five other temporary employees had been fired, all of whom were Black.

16.

On or around November 9, 2020, one of Plaintiff's white co-workers, Jamie Dowdy, told Plaintiff that "your kind don't know how to act."

17.

When Plaintiff asked Ms. Dowdy what she meant, she said, "You know your type. Y'all are lazy. Y'all have no work ethic."

18.

On or around November 11, 2020, Plaintiff met with Mr. Romine and Ms. Cook. Plaintiff complained to both of them about the racist derogatory comments directed at her by Ms. Dowdy.

19.

The next day, Plaintiff met with Linda Owens, Chairwoman, and complained about the racist comments directed toward her by Ms. Dowdy. Plaintiff also told Ms. Owens that all of the temporary employees who had been fired during her employment were Black.

20.

Ms. Owens responded by directing Plaintiff to go home and not return to work until Ms. Owens called her.

21.

On November 13, 2020, Plaintiff was asked to return to the office, where her employment was terminated by Mr. Romine and Ms. Owens.

22.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation in response to Plaintiff's protected activity.

23.

As a result of the termination, Plaintiff has suffered damages, including lost wages and emotional distress.

## CLAIMS FOR RELIEF

## COUNT I:  RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

24.

Plaintiff reincorporates by reference paragraphs 10-23.

25.

Plainitff is African American and Black in color.

26.

Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

27.

Plaintiff performed her contractual obligations.

28.

Plaintiff engaged in protected conduct when she complained about race- and color-based based discrimination.

29.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

30.

There was a causal connection between the protected conduct and the adverse action.

31.

As a direct and proximate result of these actions, Plaintiff has suffered damages, including lost wages and emotional distress.

32.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

33.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith. Plaintiff is entitled to punitive damages.

## COUNT II:  RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

34.

Plaintiff reincorporates by reference paragraphs 10-23.

35.

Plaintiff engaged in protected conduct when she complained about race- and color-based based discrimination in violation of Title VII.

36.

Defendant subjected Plaintiff to adverse employment action after Plaintiff engaged in protected conduct, specifically Defendant terminated her employment.

37.

There was a causal connection between the protected conduct and the adverse action.

38.

As a direct and proximate result of these actions, Plaintiff has suffered damages, including lost wages and emotional distress, which she may recover in this action.

39.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith. Plaintiff is entitled to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a)      General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(b)      Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(c)      Damages for lost wages and benefits and prejudgment interest thereon;

(d)      Reasonable attorneys' fees and expenses of litigation;

(e)      Trial by jury as to all issues;

(f)      Prejudgment interest at the rate allowed by law;

(g)      Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)      Injunctive relief of reinstatement, or front pay in lieu thereof, and

prohibiting Defendant from further unlawful conduct of the type

described herein; and

(i)      All other relief to which she may be entitled.

This 26th day of January, 2021.

**BARRETT & FARAHANY**

s/V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
Severin@justiceatwork.com